**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| BELINDA J. MACNEAR, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | No. 4:25-cv-00653-LPR-JJV |
| | * | |
| FRANK J. BISIGNANO, | * | |
| Commissioner of the | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge Lee P. Rudofsky. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**RECOMMENDED DISPOSITION**

Plaintiff, Belinda MacNear, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income. Both parties have submitted appeal briefs and the case is now ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see*

*also* 42 U.S.C. §§ 405(g), 1383(c)(3).   Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.   *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).   In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.   *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.   Therefore, they will not be repeated in this opinion except as necessary.   After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

Plaintiff was fifty-five at the time of the administrative hearing.   (Tr. 39.)   She completed high school, albeit she says she was in special education classes, (Tr. 40), and has no past relevant work.   (Tr. 24.)

The Administrative Law Judge[2] (ALJ) first determined Plaintiff had not engaged in substantial gainful activity since April 27, 2022, the application date.   (Tr. 20.)   He next found Ms. MacNear has "severe" impairments in the form of "lumbar degenerative changes and OU

---

[2]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.   20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

glaucoma (both eyes)." (*Id.*) The ALJ next determined that she did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 22.)

The ALJ determined Ms. MacNear had the residual functional capacity (RFC) to perform a reduced range of medium work. (*Id.*) Because Plaintiff has no past relevant work, the ALJ employed the services of a vocational expert to determine whether jobs existed that Ms. MacNear could perform despite her impairments. (Tr. 54-57.) Based in part on the vocational expert testimony, the ALJ determined that Plaintiff could perform the jobs of dishwasher/kitchen helper, floor waxer, and dietary aide. (Tr. 26.) Accordingly, the ALJ determined Ms. MacNear was not disabled. (*Id.*)

The Appeals Council received additional evidence but denied Plaintiff's request for a review of the ALJ's decision. (Tr. 1-6.) Therefore, the ALJ's decision is the final decision of the Commissioner. (*Id.*) Plaintiff filed the instant Complaint initiating this review. (Doc. No. 2.)

In support of her Complaint, Ms. MacNear makes several arguments all relating to the ALJ's RFC assessment. (Doc. No. 10 at 6-11, 13-15.) She says, "The combined impact of Ms. MacNear's glaucoma, migraines, back and abdominal pain, intestinal disease, kidney stones, depression, and incontinence would eliminate all jobs, as the vocational expert indicated. The assessments in the record from Dr. Hall demonstrate that Ms. MacNear could not work in a competitive job." (*Id.* at 7.)

After careful review, I find the ALJ's RFC assessment is supported by substantial evidence. Plaintiff's medical records are mainly her encounters at the emergency room (ER). Plaintiff's brief recites her treatment history and shows she reported to the ER October 2021 for migraine

headaches, December 2021 for kidney stones, July 2022 for abdominal pain, December 2022 for back and flank pain,  March 2023 again for back and flank pain, and December 2023 again for back and flank pain.  (*Id.* at 2-3.)   During this period, she also received some mental health counseling and treatment for glaucoma.  (*Id.* at 3.)   It is noteworthy that during this timeframe Plaintiff's treating professionals noted their examination of Plaintiff.   (Tr. 392, 395, 398-99, 420, 487, 507, 528, 534, 640, 645-46, 650, 653, 657, 661, 684-85, 687-88, 693, 696.)   These objective treatment notes – while not perfect - revealed nothing disabling.   The same is true for the numerous diagnostic tests performed.   (Tr. 430, 476, 501-02, 547, 550, 605-606, 609, 612, 631, 709-10, 711, 721, 724-25, 745-46, 711, 721.)

Plaintiff argues, "The ALJ's decision makes no mention of Dr. Hall's testimony and refuses to engage with Dr. Hall's clear conclusions of disability whatsoever."  (Doc. No. 10 at 8.)   But as the Commissioner points out, LaTrisha Hall, D.O. provided her assessments a month after the ALJ rendered his decision.  (Tr. 63-74.)   It is unclear how Dr. Hall entered the picture, but it appears her assessments were obtained in support of Plaintiff's effort to obtain benefits.   Dr. Hall's assessments are not supported by the other evidence in the record and appear to be based on Ms. MacNear's subjective complaints.   I find nothing reversible here.

Without question, Plaintiff suffers from some degree of limitation.   However, she has failed to meet her burden of proving she is completely disabled.   "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."   42 U.S.C. § 423(d)(1)(A) (emphasis added).   A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and

4

laboratory diagnostic techniques."   42 U.S.C. § 423(d)(3).

While from a practical standpoint, a medium RFC seems somewhat excessive for a fifty-five-year-old woman.   Yet, the overall medical evidence provides substantial support for the ALJ's RFC assessment here.   And state agency physicians William Harrison, M.D. and James Hinchen, M.D. also assessed that Plaintiff could perform medium exertional work.   (Tr. 79-80, 86-87.)   The ALJ found these opinions to generally to be persuasive as the doctors considered all the evidence in the record in rendering their findings.   (Tr. 24.)   While I recognize these doctors did not actually examine Ms. MacNear, their opinions can still constitute substantial evidence upon which the ALJ could rely.   This is especially true when their opinions are consistent with the evidence of record.

I realize there is some evidence in the record to support Plaintiff's claims.   But it is not the task of this Court to review the evidence and make an independent decision.   Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.   The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.   *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

Plaintiff also takes aim at the ALJ's reliance on the vocational expert testimony in this case. She says, ". . . the hypotheticals never accounted for her potential absences, nor did his questions fully account for limitations or ailments that are reasonably supported by the record."   (Do. No. 10 at 15.)   The Commissioner responds, ". . . the ALJ posed a hypothetical question to the vocational expert that accurately reflected the RFC limitations described in the ALJ's written decision and properly relied on the vocational expert's answer to meet the Commissioner's burden of production at step five (Tr. 25- 26, 54-57).   (Doc. No. 13 at 11.)   I agree with the

Commissioner on this point and find no basis to grant Plaintiff the requested relief. The hypothetical questions posed to the vocational expert were proper.   Substantial evidence supported the inclusion of certain impairments and the exclusion of others.   See *Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir. 1993) (hypothetical may omit evidence not substantially supported by record as a whole); *Rappoport v. Sullivan*, 942 F.2d 1320, 1323 (8th Cir. 1991) (hypothetical question need only include impairments accepted by ALJ as true).

Plaintiff has advanced other arguments that I have carefully considered and find to be without merit.   Counsel for both sides have done good work on behalf of their respective clients. Plaintiff has advanced other arguments which I find are without merit.   I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.   There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.   *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).   The Commissioner's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final decision of the Commissioner be affirmed, and Plaintiff's Complaint be dismissed with prejudice.

DATED this 21st day of April 2026.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

6